UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MAC PAPERS AND PACKAGING, LLC | CIVIL ACTION |
| VERSUS | NO. 26-628 |
| YOUR PREFERRED PRINTER, LLC | SECTION: “J”(3) |

## ORDER AND REASONS

Before the Court are two motions for consideration: the first, a *Motion to Set Aside Plaintiff's Request for Entry of Default* **(Rec. Doc. 9)** filed by Defendant, Your Preferred Printer, LLC, along with Plaintiff Mac Papers and Packaging, LLC's opposition thereto (Rec. Doc. 12); and second, Plaintiff's *Motion to Strike the Untimely Filed Answer and Affirmative Defenses* **(Rec. Doc. 13)**, which Defendant opposed (Rec. Doc. 15). Because these two motions are inextricably linked, the Court has considered them together. Based on the motions and legal memoranda, the record, and the applicable law, the Court finds that Defendant's motion to set aside the entry of default should be **DENIED**, and Plaintiff's motion to strike should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

In March of 2026, Plaintiff, Mac Papers and Packaging, LLC, brought this action against Defendant, Your Preferred Printer, LLC, on an open account and for breach of contract. Specifically, Plaintiff alleges that Defendant owes $263,090.07 on

forty-one (41) unpaid invoices for orders that Defendant placed, and Plaintiff fulfilled, between July of 2025 and January of 2026. Further, Plaintiff claims that its counsel sent Defendant a demand letter for the unpaid invoices in February of 2026, prior to bringing this lawsuit.

This case is relatively new, but the procedural history already looks something like a "battle of the filings." First, Plaintiff filed its complaint against Defendant in this Court on March 24, 2026 and served one of Defendant's employees with the summons and complaint the next day. Accordingly, Defendant had twenty-one (21) days, or until April 15, 2026, in which to file responsive pleadings, but it failed to do so. Consequently, on April 21, Plaintiff moved for entry of default against Defendant, which the Clerk of Court granted on April 22.

The next day, on April 23, Defendant filed an opposition (Rec. Doc. 9) to Plaintiff's motion for entry of default, but only after the Clerk had entered the default. Defendant titled this opposition *Defendant's Opposition to and/or Motion to Set Aside Plaintiff's Request for Entry of Default*. *Id.* Defendant's opposition to Plaintiff's motion for entry of default was classified as an opposition—not as a motion—in CM/ECF, but because Defendant styled this opposition as a motion in the alternative, Plaintiff filed its own opposition to Defendant's opposition on July 17. In the meantime, Defendant had filed its answer to Plaintiff's complaint on May 20. On July 17, Plaintiff also filed the instant motion to strike Defendant's untimely filed answer and affirmative defenses, and Defendant responded.

## LEGAL STANDARD

Rule 55(c) of the Federal Rules of Civil Procedure authorizes a court to "set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). Courts consider three non-exclusive factors to determine whether "good cause" exists to set aside an entry of default: (1) whether the default was willful; (2) whether the plaintiff would be prejudiced if the entry of default were vacated; and (3) whether the defendant has a meritorious defense. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000); *Hancock Bank v. Oller*, No. 14-1300, 2016 WL 301695, at *2 (E.D. La. Jan. 25, 2016). Furthermore, courts often evaluate whether "the defendant acted expeditiously to correct the default." *Id.* (internal quotation marks omitted) (quoting *In re Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992)). Under the Federal Rules, a strong preference for resolving cases on their merits exists, and therefore, default judgments are "generally disfavored." *Amberg v. Fed. Deposit Ins. Corp.*, 934 F.2d 681, 685–86 (5th Cir. 1991) (citations omitted).

## DISCUSSION

In this case, Defendant claims that good cause exists to vacate the default entered by the Clerk on April 22, 2026. As to the first good-cause factor, Defendant asserts that its failure to respond timely to Plaintiff's complaint was not willful. Instead, Defendant explains that process was served on a clerical employee instead of the registered agent for service of process for Your Preferred Printer, LLC, "which caused a delay in Defendant being notified of its legal deadline to respond." (Rec. Doc. 9, at 3).

Plaintiff, on the other hand, alleges that in its failure to respond timely, Defendant engaged in willful gamesmanship. (Rec. Doc. 12, at 4 ("Here, Defendant is quite clearly playing games with the Court and with Mac Papers.")). Plaintiff points out that service on one of Defendant's employees, of suitable age and discretion, at the address for registered service of process was proper. *See* Fed. R. Civ. P. 4(h)(1)(A) (providing that a corporation, partnership, or other unincorporated association may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual"); Fed. R. Civ. P. 4(e)(1) (explaining that an individual may be served by "following state law" concerning service "in the state where the district court is located"); La. Code Civ. Proc. 1266 (providing that when "the person attempting to make service certifies that he is unable, after due diligence, to serve the designated agent . . . [p]ersonal service on any employee of suitable age and discretion at any place where the business of the limited liability company is regularly conducted" is proper).

Further, according to Plaintiff, the employee who accepted service, Mr. Schellhaas, informed the process server that he had previously accepted service for Defendant and that the registered agent for service, Bernard Burst, was not frequently present at Your Preferred Printer, LLC's registered office. Moreover, Plaintiff correctly notes that "Defendant has offered no valid reason why the fact that process was served via Mr. Schellhaas should excuse Defendant's failure to respond timely." (Rec. Doc. 12, at 5).

In addition, Plaintiff classifies Defendant's behavior *after* filing the motion to set aside as gamesmanship. First, in Defendant's Opposition to and/or Motion to Set

Aside Plaintiff's Request for Entry of Default, filed on April 23, Defendant stated as follows: "Defendant plans to immediately respond to the Complaint and have this litigation move forward, wherein Defendant will present its meritorious defenses to Plaintiff's claims." (Rec. Doc. 9, at 3). However, Defendant did not file its answer in the record until May 20 (almost thirty days later), and Plaintiff characterizes this filing as "a barebones answer with boilerplate affirmative defenses." (Rec. Doc. 12, at 5). Lastly, before filing its answer, Defendant's counsel allegedly contacted Plaintiff's counsel offering to send a proposed payment plan for Plaintiff to review, but this never happened.

Defendant has not provided a satisfactory explanation as to why it filed an opposition to Plaintiff's motion for entry of default the day after the motion was filed, yet still waited almost thirty days before filing its answer to the complaint. For the reasons advanced by Plaintiff and based on the substance of Defendant's answer, as explained below, the Court finds that Defendant's failure to respond timely to Plaintiff's complaint was willful.

Next, the Court will consider whether a decision to set aside the entry of default would prejudice Plaintiff. Defendant argues that setting aside the entry of default would not prejudice Plaintiff because "[t]his action is in its earliest stages . . . and no substantive proceedings have taken place." (Rec. Doc. 9, at 3). Conversely, Plaintiff emphasizes that vacating the entry of default would prejudice Plaintiff's interests because it "has already suffered long delays in payments of amounts it is

owed for goods sold to Defendant." (Rec. Doc. 12, at 5). The Court finds that this factor is neutral and does not shift the balance in either party's favor.

Lastly, Plaintiff urges the Court to strike Defendant's untimely answer and sustain the entry of default because Defendant has not presented a meritorious defense. Defendant incorrectly states the law concerning the third good-cause factor, specifically by placing the burden on Plaintiff to demonstrate that a "meritorious claim has been presented." (Rec. Doc. 15, at 6 (citing *Sindhi v. Raina*, 905 F.3d 327, 332 (5th Cir. 2018))). On the contrary, the Fifth Circuit in *Sindhi v. Raina* explained that the "burden of showing good cause lies with the party challenging the default entry," *id.* (citation omitted), which in this case is Defendant. Regardless, Defendant has not presented any specific information that would undermine the merit of Plaintiff's claims, nor has Defendant presented a meritorious defense.

Under the Federal Rules of Civil Procedure, answers and defenses, like complaints, are subject to the "fair notice" pleading requirement. *See, e.g.*, *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). Rule 8(b) of the Federal Rules of Civil Procedure mandates that a party must state defenses in "short and plain terms," and under Rule 8(c), a "party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(b), (c). The Fifth Circuit has held that Rule 8 requires a defendant to "plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Woodfield*, 193 F.3d at 362. In *Woodfield*, the court held that the appellant's "baldly 'naming' the broad affirmative defenses of 'accord and satisfaction' and 'waiver and/or

release' falls well short of the minimum particulars needed to identify the affirmative defense in question . . . ." *Id.*

In this case, Plaintiff refers to Defendant's answer as a responsive pleading that "consists entirely of unadorned denials and boilerplate affirmative defenses, most of which are patently inapplicable." (Rec. Doc. 12, at 6). Plaintiff provided three examples, one of which reads as follows: "Plaintiff's claims and/or causes of action are time-barred by the applicable prescriptive periods and/or the doctrine of laches and/or the doctrine of estoppel." (Rec. Doc. 10, at 6). Here, Defendant does not specify whether it believes Plaintiff's claims are barred by prescription, laches, or estoppel, nor does Defendant provide any additional information concerning the prescriptive period that applies to the case or how laches and/or estoppel might preclude Plaintiff's claims. As another affirmative defense, Defendant stated, "Defendant further avers that Plaintiff's alleged services were either not performed, not performed adequately, and/or that the alleged amount owed does not comport with the services allegedly performed." *Id.* Similar to the appellant in *Woodfield*, Defendant has done nothing more than baldly name broad affirmative defenses. The Court has looked carefully at Defendant's answer, and it does not include a single specific fact in the entirety of its eight pages.

The Court acknowledges that default judgments are disfavored and are appropriate only in limited circumstances. However, the Fifth Circuit has also made it clear that a "district court has the discretion not to set aside a default judgment if the defendant 'fails to present a meritorious defense sufficient to support a finding on

the merits' in its favor." *Scott v. Carpanzano*, 556 F. App'x 288, 296 (5th Cir. 2014) (quoting *Lacy*, 227 F.3d at 293). To present a meritorious defense, the defendant must put forward "definite factual allegations, as opposed to mere legal conclusions, in support of her defense." *Id.* (internal quotation marks omitted) (quoting *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 122 (5th Cir. 2008)). In deciding whether a defense has merit, the district court should focus primarily on "whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Id.* (internal quotation marks omitted) (quoting *In re OCA, Inc.*, 551 F.3d 359, 373 (5th Cir. 2008)).

In this case, Defendant has presented nothing in the way of a defense that would make the outcome of a trial contrary to the result achieved by an entry of default, and therefore, it is within the Court's discretion to deny Defendant's motion to set aside the entry of default and to grant Plaintiff's motion to strike Defendant's answer. In sum, the Court finds that Plaintiff willfully defaulted, and Defendant's lack of a meritorious defense suggests that the outcome of a trial would be no different from the result achieved by the entry of default.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion to Set Aside Plaintiff's Request for Entry of Default* **(Rec. Doc. 9)** is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's *Motion to Strike the Untimely Filed Answer and Affirmative Defenses* **(Rec. Doc. 13)** is **GRANTED**.

New Orleans, Louisiana, this 17th day of August, 2026.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE